COE v. JOHNSON and Another.

A deed of trust executed by a railroad company to secure the payment of bonds and coupons, is in legal effect a mortgage, and the company is the owner of an equity of redemption in the property mortgaged, which is subject to levy and sale on execution.

APPEAL from the *Bartholomew* Circuit Court.

WORDEN, J.—Complaint for injunction as follows:

" *George S. Coe* complains of *Benajah Johnson*, assignee of *John M. Butler*, *Richard Carter*, and the *Jeffersonville Railroad Company*, and says, that on the 28th day of *February*, 1851, the said railroad company was engaged in the construction of said road from *Jeffersonville*, in said State, to *Columbus*, in said State, a distance of about sixty-six miles, and being desirous of, and absolutely in need of, raising money upon loan, to be applied to the purchase of iron rails, and the construction and equipment of that part of said road between said points, and for that purpose to issue to the persons lending such money, or furnishing such rails, bonds of said company, of 1,000 dollars each, bearing interest at the rate of seven per centum per annum. And the said railroad company, to secure the payment of said bonds and the interest thereon, did, on the day and year aforesaid, execute and deliver to the plaintiff a deed of trust, a copy of which is filed herewith as part hereof, and which was recorded in the recorder's office of said county, on the 8th day of *May*, 1851, whereby the company did sell, transfer, and convey to plaintiff in trust, for the benefit of the persons who might thereafter become legally the holders of any or all of said bonds thereafter to be issued by said company as aforesaid—all of that part of said railroad between said points then constructed, or thereafter to be constructed, together with all and singular, the railways, bridges, locomotives, engines, cars, depots, stations, right of way and land owned by said company, with all the

buildings, shops, tools, and machinery then in use, owned by them, or which might thereafter be acquired by the company, upon or for that part of said road.

"And said company did thereafter issue three hundred bonds for 1,000 dollars each, under said deed of trust, of dates as follows, viz: Dated *March* 1st, 1851, payable ten years after date. Two hundred and eighty-nine of which bonds were negotiated and sold by said company, and are now in the hands of *bona fide* holders, and the proceeds thereof were applied by the company as set forth in said deed of trust. And said railroad, by and through the means thus raised, was constructed and equipped between said points. And for the purpose of providing cross-ties and bridge-timber for said road, and fuel for the running thereof, the company thereafter purchased and received conveyances of the following real estate in said county, between said points, to-wit: The northwest quarter of section twenty-five, township eight, range five east, and the north-half of the northeast quarter of section, township and range aforesaid. Said real estate lies adjoining to said railroad track, and is heavily timbered with valuable timber for bridges, cross-ties and fuel, and said ties, and timber and fuel can be had at a much less expense from said land by said purchase, than otherwise.

"Said real estate was purchased before the making of said deed of trust or mortgage by one *Kegwin*, agent of said company with the funds of said company, raised as aforesaid, for the purpose aforesaid, and conveyances were taken to himself in trust for said company, and he therefore conveyed the same to said company.

"At the *July* term, 1854, of the Court of Common Pleas of said county, the said *John M. Butler* recovered a judgment in said Court against said company for 823 dollars and 12½ cents, and for 99 dollars and 13 cents, costs in said cause, and said *Butler* assigned it to said *Johnson*. Thereafter, execution

was issued thereon by the clerk of said Court, and delivered to said *Carter*, sheriff of said county, who, whilst the execution was in force, levied the same upon the lands aforesaid, and by virtue of a *venditioni exponas* issued thereon, has advertised the said real estate for sale, on the 31st day of *December*, 1859. Plaintiff says that all of said bonds remain unpaid, and the interest thereon has been paid, as follows: that is, the whole interest has been paid, except 100,000 dollars.

"Plaintiff further says that the proceeds of said road are barely sufficient to pay the current expenses for the running thereof, and the interest on said bonds. That the said track, superstructure, rails, bridges, depots and stations, and all the property and rights conveyed in said deed, if the Court would even order the sale of the same, under a decree of foreclosure, would not pay off said bond debts. He further says that said land in the hands of said company is calculated to, and will, increase the profits of said road in the use of the timber thereon, as aforesaid," &c.

A demurrer was sustained to this complaint, and final judgment was rendered for the defendants.

We shall not discuss nor decide several questions that are argued by counsel: such as the power of the railroad company to make the trust mortgage set out; whether the company, at the time of the execution of the mortgage, had any interest in the land on which the levy was made; and whether the said land passed to the trustee by virtue of the trust mortgage.

Assuming that the land so levied upon, the sale of which was sought to be enjoined, passed to the trustee, (a point which we do not decide,) still, in our opinion, the demurrer was correctly sustained. The conveyance to the plaintiff, the trustee, operated only as a mortgage, leaving an equity of redemption in the company upon the payment of the money intended to be secured thereby. This equity of redemption was subject to levy and sale on execution. 2 R. S. 1852, p.

153, sec. 526. If the lands are not subject to the trust mortgage, the purchaser at the sheriff's sale would acquire an unincumbered title; if, however, they are subject to the mortgage, still there is an interest that may be sold on execution; there are no facts set up that would justify the interposition of Courts to enjoin the sale.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. Stansifer*, for the appellant.

